AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of California

**FILED**

Dec 19 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ VeronicaCota        DEPUTY

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Red Tech Pad Cellphone
Model: Unknown
Seized as FP& F: 2025255200003901 Item: 0002

)
)
)
)
)
)

Case No.     24MJ9095

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1, incorporated herein by reference.

located in the _____Southern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:

See Attached Affidavit of Border Patrol Agent Fernando Quiroz incorporated herein by reference.

❑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Fernando Quiroz*
*Applicant's signature*

Border Patrol Agent Fernando Quiroz
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date:     12/19/2024

*Judge's signature*

City and state:  El Centro, California     HON. LUPE RODRIGUEZ JR., U.S. MAGISTRATE JUDGE
*Printed name and title*

## ATTACHMENT A-1
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**          Red Tech Pad Cellphone
                  Model: Unknown
                  Seized as FP& F: 2025255200003901 Item: 002
                  Seized from Jose Angel ZENDEJAS
                  **(Target Device #1)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT B

### ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-5 include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of November 17, 2024, up to and including December 17, 2024, and is limited to the following:

a.    tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.    tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.    tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.    tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.    tending to identify the user of, or persons with control over or access to, the Target Device;

f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

1

2                                  **AFFIDAVIT**

3        I, Fernando Quiroz, United States Border Patrol Agent, having been duly sworn,

4    depose and state as follows:

5                                 **INTRODUCTION**

6        1.    I submit this affidavit in support of an application for warrant(s) to search

7    the following electronic device(s):

8    **A-1:**              Red Tech Pad Cellphone

9                          Model: Unknown

10                         Seized as FP& F: 2025255200003901 Item: 002

                           Seized from Jose Angel ZENDEJAS

11                         **(Target Device #1)**

12   **A-2:**              Purple Samsung Cellphone

13                         Model:   Galaxy A54

14                         Seized as FP& F: 2025255200003901 Item: 003

                           Seized from Rodolfo SOTO-Jimenez

15                         **(Target Device #2)**

16   **A-3:**              Black Honor Cellphone

17                         Model: Unknown

18                         Seized as FP& F: 2025255200003901 Item: 004

                           Seized from Oscar MARTINEZ-Lopez

19                         **(Target Device #3)**

20   **A-4:**              Blue Samsung Galaxy

21                         Model:   A04s

22                         Seized as FP& F: 2025255200003901 Item: 005

                           Seized from Jenri Marcelino GONZALEZ-Sanchez

23                         **(Target Device #4)**

24   **A-5:**              Black Samsung Galaxy

25                         Model:   59+

26                         Seized as FP& F: 2025255200003901 Item: 006

                           Seized from Eliseo GONZALEZ-Chaidez

27                         **(Target Device #4)**

28

as further described in Attachments A-1 to A-5, and to seize evidence of a crime, specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as further described in Attachment B.

2.     The requested warrant relates to the investigation and prosecution of Jose Angel ZENDEJAS (ZENDEJAS) for transportation of illegal aliens Rodolfo SOTO-Jimenez (SOTO), Oscar MARTINEZ-Lopez (MARTINEZ), Jenri Marcelino GONZALEZ-Sanchez (GONZALEZ) (collectively, the "Material Witnesses") in violation of Title 8 U.S.C. § 1324 within the Southern District of California. The Target Devices were seized from ZENDEJAS and the Material Witnesses on or about December 16, 2024, incident to the arrest of ZENDEJAS and the Material Witnesses. The Target Devices are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

3.     Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact that I, or others, have learned during the course of this investigation. The information contained in this Affidavit is based upon my personal observations and knowledge, my review of various official reports, and upon conversations with other Border Patrol Agents.  Dates and times are approximate.

## EXPERIENCE AND TRAINING

4.     I am a United States Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection, United States Border Patrol ("USBP"). I have been employed as a full-time, sworn federal BPA with the USBP since June 4, 2007, and graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New Mexico. The Border Patrol Academy curriculum covers specialized training in the Immigration and Naturalization Act (INA), training in Titles 8,18, 19, 21 and 31 of the United States Code, criminal law, and statutory authority.

5.      I am currently assigned to the El Centro Sector Prosecutions Unit. The El Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6.      Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, those who attempt to smuggle aliens into the United States from Mexico and transport them throughout the Southern District of California.  I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities.  Because they are mobile, the use of cellular telephones permits alien smugglers and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7.      The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators and illegal aliens.  For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the

illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal aliens after crossing into the United States. These communications may also include locations for delivery to stash houses and/or sponsors.  Illegal aliens also are typically in telephonic contact with co-conspirators prior to and following their crossing in order to make smuggling arrangements, receive instructions, and report their locations after crossing.

8.    Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. In particular, in my experience and consultation with law enforcement officers experienced in alien smuggling investigations, I am aware that individuals engaged in alien smuggling may store photos and videos on their cell phones that reflect or show co-conspirators and associates engaged in alien smuggling, as well as images and videos with geo-location data identifying alien smuggling transportation routes, and communications to and from recruiters and organizers.

9.    This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

a.    tending to indicate efforts to smuggle aliens from Mexico into the United States;

b.    tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate alien smuggling and transportation of smuggled aliens;

c.    tending to identify co-conspirators, criminal associates, or others involved in alien smuggling, or transportation of smuggled aliens;

d.    tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e.    tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

10.    On December 16, 2024, Border Patrol Agents - Intelligence assigned to the El Centro Sector Intelligence Anti-Smuggling Unit Group #2 (ASU) were conducting surveillance in Calexico, California. At approximately 2:30 p.m., Border Patrol Agent (BPA) D. Benjamin, who was operating the Calexico Border Patrol Station Remote Video Surveillance System, observed two individuals scale down the United States/Mexico International Boundary Fence (IBF) from the Mexico side into the United States, then run north towards the residential houses located in Calexico, California. The two individuals were not immediately located and ASU Agents initiated static surveillance of the area.

11.    At approximately 4:20 p.m., BPA-I J. Bourque observed a light blue Jaguar S-Type bearing California license plates travelling in circles around the area. ASU Agents kept constant visual on the Jaguar as it continued to drive around the residential streets before parking on a dirt lot located on the west side of Bowker Road, north of an abandoned ranch. The Jaguar left the area and returned while multiple illegal aliens had climbed to the top of the IBF and made illegal entries into the United States in the area south of Anza Road and west of Bowker Road. At this time, SBPA K. Hewson informed ASU Agents that he observed four individuals running westbound in the property of the ranch on the west side of Bowker Road. The four individuals ran towards the Jaguar in the dirt lot, eventually entered the Jaguar, and the Jaguar exited the dirt parking lot.

12.     As the Jaguar left the dirt lot, ASU Agents again initiated mobile surveillance and watched as the Jaguar travelled on several streets before parking. ASU Agents set up a perimeter and maintained visual on the area as the Jaguar remained parked while the driver, later identified as ZENDEJAS, exited the Jaguar and conversed on his phone. After approximately 15 minutes, a yellow cab travelled north on Ford Avenue towards the area where the Jaguar was parked. The yellow cab then left the area with a front seat passenger, later determined to be ZENDEJAS, while the Jaguar followed behind it. Thereafter, the yellow cab and the Jaguar travelled together on several streets before the vehicles stopped on Camino Del Rio.  At this time, ZENDEJAS got out of the yellow cab, briefly met with an unidentified male on a bike, walked around the Jaguar then got into the Jaguar. The Jaguar then travelled westbound on Camino Del Rio and conducted a series of turns through the city until BPAs briefly lost visual of the Jaguar.

13.     After approximately five minutes of surveillance in the area, the Jaguar was located parked in the driveway of East 7th Street in Calexico. Agents observed as ZENDEJAS walked away from the Jaguar with two cell phones towards Mary Avenue. As ZENDEJAS walked westbound into the park located west of Mary Avenue and south of 7th Street, BPA-I J. Bourque approached ZENDEJAS with Border Patrol markings and insignia fully visible and identified himself as a BPA. As BPA-I Bourque identified himself, ZENDEJAS attempted to abscond from him. After a brief foot pursuit, ZENDEJAS was secured by BPA-I A. Botello. After ZENDEJAS was secured, BPA-I A. Botello questioned him as to his citizenship and ZENDEJAS stated that he was a United States Citizen. As ZENDEJAS was questioned, BPA-I S. Ley approached the Jaguar and identified himself as a Border Patrol Agent to the four individuals, later identified as Eliseo GONZALEZ-Chaidez (GONZALEZ), Jenri Marcelino GONZALEZ-Sanchez (GONZALEZ-Sanchez), Oscar MARTINEZ-Lopez (MARTINEZ), and Rodolfo SOTO-Jiminez (SOTO) and questioned them as to their citizenship. GONZALEZ-Chaidez, GONZALEZ-Sanchez, MARTINEZ, and SOTO admitted to being citizens of Mexico and stated they made the illegal entry by climbing the border fence in an area other than through

1 a designated Port of Entry. ZENDEJAS, GONZALEZ-Chaidez, GONZALEZ-Sanchez,
2 MARTINEZ, and SOTO were placed under arrest and were transported to the Calexico
3 Border Patrol Station for further processing.

4     14.    At the Calexico Station, ZENDEJAS was advised of his Miranda rights.
5 ZENDEJAS stated he understood his rights and wished to make a statement without the
6 presence of an attorney. ZENDEJAS stated he is a United States citizen and has been
7 arrested by Border Patrol on a previous occasion. ZENDEJAS stated he served 12 months
8 in jail but could not remember the charges. ZENDEJAS denied any wrongdoing and
9 denied any involvement in the smuggling event.

10     15.    Material Witness GONZALEZ-Sanchez admitted he is a citizen of Mexico
11 and has no legal documents allowing him to live or work in the United States and has no
12 pending applications. GONZALEZ-Sanchez stated his intended destination is Stockton,
13 California where he intends to work in the fields. According to GONZALEZ-Sanchez, he
14 met a smuggler while in Mexicali. GONZALEZ-Sanchez agreed to pay an unknown
15 smuggler $10,000.00 USD. GONZALEZ-Sanchez stated that he arrived at the border fence
16 and there were four smugglers assisting four individuals climb over the fence. After
17 crossing, they were instructed by the smugglers to roll across the road and that a vehicle
18 was going to pick them up. GONZALEZ-Sanchez described the vehicle to be light in color
19 and to have four doors. GONZALEZ-Sanchez stated they rode in the vehicle for a bit, were
20 told to get out and shortly thereafter they reentered the same vehicle at a nearby location
21 moments later. GONZALEZ-Sanchez stated that they proceeded to drive but the male
22 driver stopped, got out, and asked if any one of the passengers knew how to drive. One of
23 the passengers then drove the vehicle until the driver returned after a while.

24     16.    Material Witness MARTINEZ-Lopez said he is a citizen and national of
25 Mexico without any travel or immigration documents that would allow him to enter, be in
26 or remain legally in the United States. MARTINEZ said that his friend made all the
27 smuggling arrangements with a Mexicali smuggler and he agreed to pay $8,000 once he
28 was transported to Los Angeles, California. MARTINEZ said he was instructed via

cellphone by the smuggler to cross the border fence by climbing it using a rope ladder. MARTINEZ stated he and another three individuals got inside a blue sedan, and he sat in the front passenger seat. MARTINEZ stated the driver of the blue sedan was wearing a blue shirt. MARTINEZ stated they travelled in the sedan to three different locations, and they were waiting inside the car for an hour. MARTINEZ said the male driver parked outside a house and asked him for his cell phone to ask for further instructions. MARTINEZ stated the male driver walked outside the vehicle and after that they got arrested by Border Patrol Agents. MARTINEZ was presented with a photo lineup and was able to identify Photo #3 as the driver of the blue sedan. Photo #3 is a photograph of ZENDEJAS.

17.     Material Witness SOTO-Jimenez stated he is a citizen of Mexico and does not have any legal documents allowing him to live, work or remain in the United States legally. SOTO stated his destination was Los Angeles, California to work in construction. SOTO stated he was taken to the border fence and was instructed to roll on the dirt and board a vehicle in the backseat. SOTO stated immediately they were instructed to exit the vehicle and then boarded into the same vehicle. SOTO stated they drove towards a residential area. SOTO stated they waited for a couple minutes while the driver exited the vehicle. SOTO stated the driver asked if anyone knew how to drive and drive the car (Jaguar). SOTO stated one of his friends drove the car and followed the taxi. SOTO stated they reached another area near a soccer park and the driver got back in the driver seat and drove them to another house and exited the car. SOTO stated then they were arrested.

18.     During a search incident to arrest of ZENDEJAS and the Material Witnesses, five cellphones were found: a red Tech Pad cellphone (Target Device #1) was found by BPA-I A. Botello on ZENDEJA's person and ZENDEJAS claimed ownership of this cellphone. A purple Samsung Galaxy cellphone (Target Device #2) was found by BPA S. Ley on SOTO's person and SOTO claimed ownership of this cellphone. A black Honor cellphone (Target Device #3) was found by BPA-I J. Bourque on the ground near ZENDEJAS, however, Material Witness MARTINEZ claimed ownership of this

cellphone. A blue Samsung Galaxy cellphone (Target Device #4) was located by BPA S. Ley on GONZALEZ-Sanchez's person and GONZALEZ-Sanchez claimed ownership of this cellphone. A black Samsung Galaxy cellphone (Target Device #5) was found by BPA S. Ley on GONZALEZ's person and GONZALEZ claimed ownership of this cellphone. All cellphones were seized as evidence.

19.    I am aware that smuggling conspiracies require planning to successfully evade detection by law enforcement.  In my professional training and experience, this may require planning and coordination in the days and weeks prior to the event.  Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine their whereabouts.  Given this, I respectfully request permission to search the Target Devices for data beginning on November 17, 2024, up to and including December 17, 2024, the day after the arrest of ZENDEJAS and the Material Witnesses.

**METHODOLOGY**

20.    It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature, and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants, and have functions such as calendars and full address books, and can be minicomputers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network.  Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic

hardware and software. Even if some of the stored information on the device may be acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

21. Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones, and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

22. Based on the foregoing, identifying, and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this Court.

//
//
//
//
//
//
//
//
//
//
//
//

# CONCLUSION

23.     Based on all the facts and circumstances described above, I believe that probable cause exists to conclude that ZENDEJAS and the Material Witnesses used the Target Devices to facilitate the offense of alien smuggling. The Target Devices likely were used to facilitate the offense by transmitting and storing data, specifically that described in Attachment B, which constitutes evidence of violations of Title 8, United States Code, Section 1324. I also believe that probable cause exists to believe that evidence of illegal activity committed by ZENDEJAS, the Material Witnesses, and others continues to exist on the Target Devices. Therefore, I respectfully request that the Court issue this warrant.

I swear the foregoing is true and correct to the best of my knowledge and belief.

*Fernando Quiroz*

Fernando Quiroz Border Patrol Agent
United States Border Patrol

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 19th day of December, 2024.

_____  12:31 p.m.
HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A-1
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-1:**      Red Tech Pad Cellphone
Model: Unknown
Seized as FP& F: 2025255200003901 Item: 002
Seized from Jose Angel ZENDEJAS
**(Target Device #1)**

 

The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-2
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-2:**          Purple Samsung Galaxy Cellphone
            Model: A54
            Seized as FP& F: 2025255200003901 Item: 003
            Seized from Rodolfo SOTO-Jimenez
            **(Target Device #2)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT A-3**
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3:**           Black Honor cellphone
                   Model: Unknown
                   Seized as FP& F: 2025255200003901 Item: 004
                   Seized from Oscar MARTINEZ-Lopez
                   **(Target Device #3)**

 

The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT A-4**
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-4**:           Blue Samsung Galaxy cellphone
                Model: A04s
                Seized as FP& F: 2025255200003901 Item: 005
                Seized from Jenri Marcelino GONZALEZ-Sanchez
                **(Target Device #4)**

 

The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-5
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-5:**        Black Samsung Galaxy cellphone
Model: 59+
Seized as FP& F: 2025255200003901 Item: 006
Seized from Eliseo GONZALEZ-Chaidez
**(Target Device #5)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT B**

### ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-5 include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of November 17, 2024, up to and including December 17, 2024, and is limited to the following:

a.    tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.    tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.    tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.    tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.    tending to identify the user of, or persons with control over or access to, the Target Device;

f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.